Good morning, and may it please the Court, for the record, my name is Christina Hellman and I represent the petitioner, Derryel Lee. I plan to reserve about two minutes of my time for rebuttal. Despite all of the issues that were raised in the briefing in this case, it actually boils down to a simple and straightforward question. An issue in that the state court used an inadequate application of a procedural rule to deny Mr. Lee the ability to litigate his claim of jury misconduct. Can you help us on this? I spent some time last night trying to figure out what happened in this case. And I'm wondering whether or not you've got an exhaustion problem rather than a procedural bar problem. So let me see if I can walk through this and tell me where I'm wrong, and it may be at the very beginning. Mr. Lee gets convicted. Some time later, he brings a new trial motion based on jury misconduct. Correct. Which the trial court never disposes of. Correct. He then files a state what I would call post-conviction relief proceeding. Correct again. And raises the jury misconduct claim. Yes. The state trial court says it's procedurally barred under the Palmer case. Right. Now here's the part that becomes important to me. I've looked at the briefs on appeal in the state courts, and I don't see a stand-alone jury misconduct claim in those briefs. What I see is an ineffective assistance of counsel claim. Am I missing it? No. And you're correct again, Your Honor. There is not an appeal of the stand-alone jury misconduct claim, and there didn't need to be. Okay. Tell me why there didn't need to be in a minute. Okay. But there wasn't an appeal of the jury misconduct claim. No. The jury misconduct claim was mentioned in the briefing. As I think I put a footnote in there, there were issues. It was flagged, but it's not a correct reading of the record to say that it was actually framed. Okay. So now tell me why that's not a failure to exhaust the jury misconduct claim in a state PCR proceeding. Because of the way in which the trial court ruled on it. So in this case, when the trial court made a procedural ruling under Palmer and said that claims of trial court error are not a basis for post-conviction relief, the question now in federal habeas turns from one of exhaustion or fair presentation to one of procedural default, asking if the application of that procedural rule was adequate and independent. But why aren't you required to go to the Oregon Court of Appeals and say the trial court goofed, that it made the wrong ruling? For two reasons. One, because you would be appealing a state court procedural ruling, and for purposes of federal habeas, you would not be required to appeal a state court procedural ruling. The way in which the court decided the jury misconduct claim in this case, it didn't decide the claim on the merits. So it wouldn't have been possible to appeal a denial of the merits to the Oregon Court of Appeals. My difficulty with that is that what you've got is a state trial court saying you have a procedural bar under state law. Right. You can test that you do. You say they misapplied state law. I shouldn't have a procedural bar. Don't you have to ask the state Supreme Court or the state appellate courts about that issue before you just come running to us, just come running to us, before you come to us and say, oh, my gosh, the state courts barred me for the wrong reason? No. As a matter, and I can understand as a matter of best litigation practices or what an attorney and a zealous advocate would do, of course you would want to take advantage of every single possible way to reverse a state court ruling for your client. I think as in terms of good litigation practices, you would need to do that. But for purposes of federal habeas corpus cases, exhaustion requires presentation of the specific federal constitutional claim at each level of the state courts. And once the state court in this case said that that federal constitutional claim was not properly brought in the state post-conviction case, that was the end of the road for purposes of that. And what case do you cite for the proposition that you can give up on the state procedural bar at the lowest level of the state court? The support for that is found in O'Sullivan v. Orkle, which I cited in the briefs, and also in this court's cases, I think also Casey v. Moore, which specifically referred to what needs to be exhausted as the federal constitutional claim. And I would also direct this court just to the principles of comedy and federalism that underlie that exhaustion requirement. Federal habeas procedural rules are concerned with giving the state court the first opportunity to pass on federal constitutional violations and to correct errors, federal constitutional errors. Exhaustion does not exist to place requirements on a petitioner to appeal a state procedural ruling. And that would sort of be actually contrary to comedy, because you'd be requiring a state petitioner to do things that were just a matter of state law. Your Honor, I can absolutely understand the appeal, the gut appeal, that it would make sense that you would need to appeal all the way up to the Supreme Court. And in general, you absolutely have to, because what has been ruled upon is your federal constitutional claim. But in this case, what he would have appealed, the only thing he could have appealed, was whether Palmer applied in his case or not. And as a matter of federal habeas review, that's not something he had to appeal. Let me ask a related question. I think all three of us spent a lot of time just trying to figure out what happened, and we have been at least partially successful. And both of you attorneys will be able to help us along understanding it more. Okay, but let me see if I can review the bidding here. He loses the trial. There's an appeal taken. While the appeal is still pending, not yet decided, he files, quite late, a motion for a new trial based upon the, I'll call it jury misconduct, as a phrase, whether it's truly misconduct, such as to require a new trial or so on. It's off the table, but I'll just call it jury misconduct. That is never answered by the original trial court. Under Oregon law, I gather, after 55 days of no answer, it is deemed denied. Nowhere in his direct appeal does he mention jury misconduct. He then comes to the state PCR court, now represented, raises, among other things, his jury misconduct claim, although he raises it very briefly, and as far as I can tell, he spends most of his time arguing in effective assistance of counsel. The PCR judge writes a letter, I mean, this is an interesting procedure to me, writes a letter saying, here's my ruling, and really discusses only the IAC, and then says, I endorse the reasoning of the defendant, would the defendant please draft an order for me, which the defendant, of course, does. The only thing in that order that addresses in any way at all the jury misconduct claim is to say that trial court errors are denied citing power. It doesn't say jury misconduct. My question is, why is it a trial court error? Let's see, why is the jury misconduct claim included in that phrase that says trial court error, claims for trial court error are denied citing Palmer? Why is the jury misconduct claim a trial court error?  The first is, I believe that the wording, the trial court error wording in Oregon practice refers in general to things that should have been raised in the direct appeal process, and I also believe that for this specific case, the phrase trial court error encompassed that jury misconduct claim because of the way it was litigated by the state in the post-conviction case. My second response, though, is that I don't believe that a claim of jury misconduct is necessarily a trial court error because for purposes of this case, it was not something that happened during the trial that he could have brought to the court's attention during the trial and that the trial court ruled on and said there was no misconduct here. This is something that squarely fits within the exception under Palmer for claims that could not have been raised in the direct appeal that are absolutely proper to be brought in post-conviction, not only because of the timing, but also because of the need for further factual discussion. Yes, that's a state law issue, isn't it? But whether this fits within the exception of Palmer? Yes, sorry for my pause there, Your Honor. Yes, whether it fits within the exception of Palmer is a question of state law, but it is tied up very tightly with the question that this court has to ask, which is whether the state court's application of the Palmer rule in this case was adequate. I know you're running out of time, but I want to ask you one other question. And then when you're finished, I want to continue my train of thought. Oh, I'm sorry, so finish yours, Judge Fletcher, and then I'll finish. Okay, and I'll reiterate what Judge Rowe has said. Don't worry about your time. There's enough complication here. We'll just talk as long as we need to, and you get to talk as long as you need to. Well, if the denial by the state PCR court is based upon Palmer and it's included in the free, in literally just a one-liner, one sentence, that trial court error denied Palmer, well, that means you've got a procedural bar. Correct. But then you say it's also possible that this really wasn't a trial court error and they just denied it. Well, if that's so, they didn't seem to have denied it because of a procedural bar. They just denied it. And if that's so, why wasn't exhaustion required, even on your understanding of when exhaustion is or is not required? Your Honor, may I repeat your question back to make sure I have it? Go ahead, sure. So you're saying that if, you're asking me, if the denial, the trial court error denial sentence does not apply to my claim, then I'm in the situation where there's just a silent state court denial. Then we're either in Williams or Harrington, right? Right. I don't want to be with Williams or Harrington. No one does. Neither Williams nor Harrington wanted to be there. No. So I would maintain that for purposes of this, the question that this Court is asking about procedural default, that the sentence that claims of trial court error are not a basis for post-conviction relief, is the ruling on the jury misconduct claim, that there isn't some other silent denial. Because this was the basis of the Palmer ruling in this case, came from the litigation about the jury misconduct claim. The reason I ask it this way is that the only way you can get around the initial exhaustion question that Judge Horowitz asked you is that this was a procedural bar under Palmer and that the only thing he then could have appealed would have been procedural bar. Because if this is not based upon a Palmer, but rather just an outright denial, you had to exhaust. I would agree on that point, Your Honor. I would agree that if there is a silent denial somehow on this record, then his claim would have been denied on the merits. And then he would have had to appeal. In that case, if that's, yes. But barring the fact, barring any argument that the state court did not reach the merits, the manner in which the state court decided this case meant that it did not reach the merits of that claim. Because it never mentioned it, even if when it wrote detailed findings on every single other claim. Okay. And just to be sure I've got the narrative correct. This is not an intentious question. It's just I want to make sure I've got the narrative correct. He does appeal from a denial by the PCR court, but simply does not appeal anything to do with the jury misconduct claim. Correct. He mentions it in the briefing that there was a jury misconduct claim raised. He mentions in the specific findings. He couches the jury misconduct claim in terms of an umbrella of ineffective assistance. But a stand-alone jury misconduct claim is not a specific claim. Here's what may seem like a strange question. What should the district court have done in your view? The district court should have granted an evidentiary hearing and discovery on the merits of the jury misconduct claim. Because the, that's my primary point, because the facts that demonstrated the inadequacy of the Palmer rule were in the record. My second position would be that prior to making credibility determinations, based on the cold record, the district court should have ordered an evidentiary hearing to address those issues. In this case, as I read Oregon law, which is always a dangerous exercise, only apart from the Palmer rule, the state makes an argument that your client, Welsh, and maybe this is part of the Palmer rule, your client should have known of the potential jury misconduct claim well before it was raised, and therefore it was untimely. Can the district court say, gee, it's a year late, and it arises out of the transcripts, and the fact that his sister didn't tell him so quickly isn't a sufficient excuse under Oregon law? Does the district court have the ability to look at the untimeliness of the assertion and say that this is a reasonable obligation of state law? No, not in my position. My position is no, Your Honor. That the record in this case contains evidence, his explanation of why it took him from the September 2004 date, which is when he, and in December 2004, when he says that he learned of the jury misconduct, to the next, the 2005 date when he actually filed the motion. He explains what happened then. Here's my problem, and this may go back to your original point. If that's what your client says, that's in the record. But what's also in the record is that the claim appears to arrive, it appears to be substantiated by the transcripts. Right? Oh, no. The claim is substantiated by the information that was provided to his sister from the juror. I believe, and this, Your Honor, I think is an excellent point of why a hearing would be necessary because Well, no, and guys, my question is this.  And you got to argue the application of whether or not this was timely or not. The state PCR judge said under, who knows what the state PCR judge said, but a fair reading of the order is that the state PCR judge said, look, this is just not timely. It should have been raised earlier. Whether he said it should have been raised in a direct appeal or raised in a more prompt, neutral motion is not clear to me. But why isn't that a reasonable application of state law that bars you? In other words, it's the timeliness of raising it, not the issue of whether or not it was raised on direct appeal. The neutral motion is filed a year after the trial. Right. And there's explanations. And you have good explanations for why. I do. I understand why is that. So I think there's a lot of unpacking for me to do in your question, Your Honor. Let me back it a little more closely. Okay. You have good explanations for why. Right. But there may be, are there no reasons on the other side why a trial judge could find this was just much too late? To reach that, to reach the, I believe that his motion was too late under Oregon law. It was untimely under Oregon law. So, therefore, you need to fit within one of the reasons to file something too late. He would need to either fit under the reasons to file too late, or the fact that it was too late because of the timing of when he learned of it, demonstrates that he could take advantage of the Palmer exception. I think, also, you were asking a question of what could the courts do on the credibility finding, what could the courts do to decide whether he was credible or not. And on this record, there isn't anything that directly contradicts what he said about when he learned of the jury misconduct. What, where that comes from is speculation and filling in a gap, which is what the district court did without a hearing. Yeah, and I'm not worried about the district court right now. I'm thinking about the state PCR court who enters a enigmatic ruling on Judge Fletcher. But how did it have an intra-hearing? And that gets to the end of it. Are you positing, Your Honor, that there was an implicit state court fact-finding on credibility? I'm positing that. Okay. I don't think that that is actually correct for a couple of reasons. First, in the state court, the issue of credibility never came up. The state didn't challenge Mr. Lee's assertion that he learned of the misconduct in 2004. In fact, the state braced that time and used it to argue a separate Palmer issue, which was that the claim should have been raised on his direct appeal. So the state embracing that fact didn't put the credibility issue in front of court. But I get back to Judge Fletcher's question. If the judge had made findings and said, I find him credible, but he loses, that would be one thing. We just have a very bare ruling that you lose. And in order to win, he would have to have established, under your view, that I couldn't have learned this before and I filed it timely and everything else. And so I'm wondering whether or not we do realize an implicit rejection. Again, I don't think so, Your Honor. Also, because credibility wasn't before the court, it wasn't a necessary corollary to the decision that the court made. The court didn't have to find Mr. Lee not credible to adopt the state's position on Palmer. This judge could have simply decided that, sure, Mr. Lee had to raise this in his direct appeal proceedings, or it could have come up with a number of other things. Though I think another piece of evidence that's important to consider is when the district court made its credibility determinations in this case, it did not reach back to the stateless conviction court and say, I'm deferring, as I'm required to do, I'm deferring to a state court's implicit factual finding. The district court itself, on its own, made those credibility determinations. And so had there been an implicit fact-finding by the state court that was required to be given deference, I believe that that's what the district court would have done, but that didn't happen in this case. And so unlike the cases in which the Ninth Circuit, which this court has said, yes, there are some situations in which we will find fact-findings made implicitly by the state court because they're necessary to reach the ruling it did. This is not one of those cases. Help me out for just a minute. We keep talking about Palmer. Would you tell me precisely what Palmer says so I can understand what the PCR court might have thought when it said, when it recites Palmer? The Palmer rule is written sort of in a negative, and so I think it's easier to understand it from a positive view. Palmer requires issues that can be raised in the direct appeal process in Oregon to be raised there. It prevents claims from being raised in post-conviction if they could have been raised in the direct appeal process. However, Palmer also has specific exceptions to allow claims in post-conviction that could not have been brought in the direct appeal process. And so the most common claim in Oregon that's raised is a claim of ineffective assistance of counsel, and that's one of the specific Palmer exceptions. But Palmer also contains an exception for claims that could not have been raised because the facts were not known to the petitioner. So Palmer is typically invoked as a bar when a petitioner raises, for example, in their post-conviction case, a claim that the trial court gave the wrong jury instruction. And the state will say, that claim is barred by Palmer. That's a claim that was on the record. You could have raised that in your direct appeal. So your argument as to why there's an exception to Palmer here is that he could not have discovered or did not discover and could not reasonably have discovered his jury misconduct claim until he was informed of this by Ms. Lee and Ms. Murphy, the sister and the sister's friend. Correct. In order for that to be true, the story told by the sister and by the friend have to be true. And it has to be true that they told him this only quite a bit later. That he learned of it, yes. And further, because he misses the one-year deadline, not just the ten-day deadline. He misses the one-year deadline for no trial motion. Yes. We also have to buy into his excuse for not bringing it promptly upon learning it that the prison library hours were so restricted. Is that right? Yes. Okay, he's got a lot of jumping through hoops to do here, but I think I now get it. And you're saying that we can get, that your client can get a hearing in federal district court despite Cullen v. Penholster because the claim wasn't adjudicated. Is that right? Yes. I don't see any Penholster argument one way or the other by anybody. But I'm assuming that's why we can get the hearing despite Penholster. Yes. So, yes, it's my position that the claim was procedurally defaulted by an inadequate application of a state rule. And therefore, there, let me back up. It's my position that the claim was denied in state court by an inadequate application of a state rule. So there's no procedural default. And then the federal district court's review would have been de novo because under this court's precedence, he tried to get an evidentiary hearing. He tried to have the hearing but failed. That would not be a bar. Okay, I'm finally where I think I need to be, which is to say I'm finally to the point where I see why you make a plausible argument that the real issue here is his credibility and that you think that there should have been a hearing in federal district court on his credibility. Why? It seems to me that it is inherently incredible that the sister and the friend, having heard this basically at the very end of trial, would have kept their mouth shut for so long. I mean, what should we do? Assuming we have a hearing, we're going to get the sisters to come in and say, I told it on such and such a date. I assume that's what they're going to say. We're going to have him say, I didn't hear it until such and such a date. And the district judge is going to say, I don't believe you. I believe that there's other evidence that could be introduced at that hearing, though, Your Honor. But it has to be evidence that you had, that you tried to introduce. That's a question I've got. You had the opportunity to make that case in the state court, and did you introduce all your evidence in the state court? Did you save some? All the evidence in for federal? Yeah, all the evidence. No, the evidence that on the credibility point, no, that was not introduced in the state court. There was a juror affidavit, wasn't there, that supposedly existed and that your client declaimed you had in pocket? There was a statement Mr. Lee made in the deposition about a juror affidavit, yes. However, in the closing arguments in the state post-conviction court, it becomes obvious that he was mistaken about that. The state post-conviction attorney says, we knew where you tried to find this juror and we were unable to do so, which also makes sense in light of the Oregon prohibitions on contacting jurors without explicit court authorization. But you are asking us to conclude that the state judge made no credibility findings despite being confronted with an implausible story. And we assume that you misjudged. You probably have a better explanation than judge. I'm asking, my position is that on this record, credibility wasn't an issue for the application of the Palmer Rule based on the way it was litigated in state court. And so there was no need for the state judge to make a credibility finding adverse to Mr. Lee. But aren't you saying that if everything your client said was true, Palmer shouldn't apply? Correct. And that's why my position is that this was an inadequate application of the Palmer Rule. Right. But you're asking us now to conclude that the judge found that everything your client said was true and therefore Palmer should apply, aren't you? Or that at least you never sought a ruling from the state judge that everything your client said was true and therefore Palmer should apply. In other words, my difficulty is, given this enigmatic ruling, the judge may have said, you haven't established a Palmer exception. He didn't say, I find everything to be true, but it still doesn't establish a Palmer exception. The judge simply said, you haven't established a Palmer exception. Why isn't that a factual determination? I respectfully disagree, Your Honor, because the judge adopted what the state had argued in the post-conviction case when he made his rulings, and the state had argued that Palmer didn't apply because this could have been brought in Mr. Lee's favor. I guess I'm asking the question in a different way. I'm a trial judge and the state makes an argument to me, but I can rule another way and I rule on the claim another way and then I don't say why. We assume that the judge must have only based his ruling on the way the state argued it as opposed to what seems to me to be a very easy factual way to reject your claim. In this case, yes, because of that letter, because of what the judge wrote. He said, I adopt defendant's position as my own in terms of the way he disposed of the case. So in general, if there was nothing in the record, the judge is free to make his own determinations, but not in this case. She very explicitly says at the end, please draft the order, I adopt the defendant's arguments as my own. Correct. Okay, let's hear from the other side. Sorry to keep you waiting. Welcome back. Thank you, Your Honor. May I please support Caroline Alexander for Brian Bilek? I respectfully disagree with petitioner's view of federal habeas law and also of the state court record. If I could start with federal habeas law, it is absolutely undisputed that petitioner did not raise his jury misconduct claim on post-conviction appeal. He changed that claim to a trial counsel claim. Wait a minute, say that one more time. It's undisputed that petitioner did not raise the jury misconduct claim on post-conviction appeal to the Oregon Court of Appeals. On the appeal from post-conviction. Exactly. He only raised the trial counsel version of that claim. He changed the claim. It's also undisputed, as you said in your first iteration of it, that he didn't raise it on direct appeal either. That's correct. So when the motion for new trial and relief from judgment was denied under operation of law, he didn't appeal that ruling, although he could have, because his case was on direct appeal at that time, and under Oregon law, the Oregon Court of Appeals could have held the appeal in advance, pending the disposition of that motion. That was an area that I had some questions on, so thank you for touching on it. This is, and I guess I'm not sure I've already admitted my ignorance of Oregon's procedure. You've got a case on direct appeal, and then you have an untimely new trial motion. The new trial motion is denied by operation of law because the judge cannot act, doesn't act on it. Correct. Is that in action separately appealable? Is that a direct appeal, or do you combine it with the pending direct appeal? How does, before you get to PCR, are you required to take the denial of the new trial motion, which occurs well after conviction, up on appeal to the Oregon courts? No. Not required. Okay. The Oregon Court of Appeals has discretion in that instance to hold the appeal in advance, pending the disposition of the motion, and if the court does so, it will hear that you have failed. But you're not contending, or do you contend in this case, that Mr. Lee's failure to direct appeal the denial of the new trial motion somehow is a failure to exhaust? No. Okay. No. He had two avenues by which he could have brought his claim. Either the motion for trial, which he then could have appealed, or in post-conviction, if he couldn't have, well, and he didn't even have to avail himself of that remedy. He could have gone to post-conviction, and he could have met Palmer's requirements. But let me just stick on the first part of it. That's right. He tried to avail himself of both. Yes, he did. Okay. Having availed himself of the former, the earlier one, filing the new trial motion, you're not making any contention that somehow he failed to exhaust by not appealing the denial of the new trial motion? No. Okay. So now we have somebody who's sufficiently exhausted in order to raise this claim in state PCR court. In other words, you're not saying he couldn't raise a state PCR claim. That's why I'm having difficulty because the state's argument is that he should have raised this claim on direct appeal, quote, unquote, in Palmer. Tell me how he should have done so. Well, yes, Your Honor, but let me back up and let me clarify. The state's position is not that he exhausted his appeal by only raising it in a motion for a new trial because O'Sullivan v. Orkle requires fair presentation at every level, even discretionary levels. So that wasn't he could have exhausted his claim that way, but he did not. So that leaves post-conviction. But in order to raise it in post-conviction under your view, he has to fit it to a Palmer exception. Correct. Under state law. Correct. Had he raised it on direct appeal, which is to say direct appeal of the denial of the new trial motion, would that have satisfied Palmer? He couldn't have then raised it in post-conviction. Right. I guess it would have been raised in direct appeal, but that's my question is, would it have satisfied Palmer had he appealed the denial of the new trial motion? I think they're two separate things, Your Honor. I'm confused by the question. Well, he's not a confused person. You can raise it in one place or the other, but Palmer has nothing to do with whether you raised it. Well, Palmer itself doesn't have anything to do with whether you raised it and fully exhausted it on direct appeal. Then there's a separate statute that just says you can't raise it in post-conviction. Palmer says, familiar to many state PCR systems, that you must raise, if you could have raised a claim on direct appeal and didn't, then you can't raise it on a PCR. We're together on that? Correct. Okay. So I guess my question goes back to he raised a claim of juror misconduct for the first time in a new trial motion. Correct. Put aside whether that motion was timely or not. Correct. Are you telling me that you told me before he could have appealed the denial of that new trial motion? Yes. So your Palmer position, in essence, is that he should have appealed the denial of that new trial motion, is it not? Because then it would have been raised on direct appeal. Well, the answer, I think, Your Honor, is no because the motion wasn't timely. That's a separate issue. That's a separate issue. But it's not, Your Honor. It's not a separate issue. Is that a Palmer issue? It is a Palmer issue because he couldn't reasonably have raised it because let's assume for the sake of argument that he didn't learn about the juror misconduct until December of 2004. He couldn't have raised it timely in a motion for a new trial. That's why Palmer is so critical in this case. Well, now I'm, maybe I ought to listen a bit, but now I'm pretty much confused. Your Palmer, the Palmer doctrine is that an issue that can be raised on direct appeal should have been raised on direct appeal. Yes. You're saying that, and whether or not the motion was filed too late in the trial court is not an issue that bars it from being raised on direct appeal. The direct appellate court may just say it's too late. In other words, there's no procedural part to the denial of the new trial motion being raised on direct appeal. You see? I'm sorry, Your Honor. I'm just not understanding. Sure. I'm an argumenter. Maybe it would help me if I change the facts up. Let's say he learned of the juror misconduct on day three after the judgment. So it's within the ten days under ORCP 64. He can raise that in a motion for a new trial. He can then appeal that along with his direct appeal. If those were our facts, yes, we would have said in post-conviction, you could have raised that then. You could have raised a timely motion for a new trial. But we put it together, which is why I asked you the first question. Now, he files it a year later. It's not part of his original direct appeal because he's already filed the briefs in it, right? But it's still pending, and it's pending for a year after that. Okay, it's pending for a year after that, and it's finally denied by operation of law. No, the appeal is still pending. Okay. The appeal is still pending, but the motion is denied by operation of law. Yes. How does he appeal? How does he get direct appeal or denial of that motion? See, because the essence of the state's case in BCR is that this is an issue he should have raised on direct appeal. That's what Palmer says. So tell me how he could have raised it on direct appeal. He could. That's what keeps tripping me up. He couldn't have because it wasn't timely. But if it had been timely, the rules of civil procedure require that he notify the court of appeals because his direct appeal is pending that he has filed the motion for a new trial or relief from default. But you're telling me in this case that if he tried to raise it on direct appeal, the court of appeals would not have allowed him to raise it? You know, I may be able to help. Please. He's in trouble with respect to his motion for new trial because he's untimely in both respects. He's outside the 10-day window, and he's outside the one-year window. Correct, by several months. Which means that he's procedurally barred from getting a successful motion for a new trial. Correct. And, therefore, the denial of the implicit denial from the failure to act is based upon a state procedural rule. And if we accept the argument we heard earlier that he would not be presenting a federal question, he would rather be presenting a state procedural question. He's not required to exhaust in the sense of he's forfeited any possibility of raising it in the federal court because he wouldn't be raising a federal question. Yeah, and I'm with Judge Fletcher on this. Here's my difficulty, and maybe it's my denseness. I doubt it's my denseness. We have two state court proceedings here. We have the trial and direct appeal, and we have the PCR. I fully understand Mr. Lee's position with respect to the PCR. What I'm not sure about is whether or not he could or should have sought direct appellate review of the denial of the new trial motion because it was untimely. No, that's not the State's position, because it was untimely. The action, and I agree with counsel in that respect, is in post-conviction. That's where the action is. And if I may, tell the Court my view of what happened in post-conviction. To answer the Court's earlier questions, trial court error is kind of a term of art, I think, in state court. Claims during misconduct, prosecutorial misconduct, claims, all of those fall within trial court error because they're errors that occurred during the trial. Even though no one knew, even if no one knew about it? Correct. Okay. That's precisely why North v. Cub and Plummer v. State of Oregon have that specific exception. Could not reasonably have been raised. And jury misconduct claims and prosecutorial misconduct claims fall in that category all the time. They're not trial judge error, but rather error in trial court. Exactly. They occurred during the trial. So that hopefully clarifies that. So in post-conviction, the State raises the Plummer bar and says, jury misconduct claim is barred. You could have raised that on direct appeal. Again, another term of art because it's the terms that Plummer uses. But what you really mean, and how I understand your position, is you should have raised it earlier. Because you had a procedural mechanism to do that, whether that's a contemporaneous objection at trial, which is what North v. Cub talks about, or on direct appeal, or in this case a motion for new trial. You had a procedural mechanism to raise it. So State raises Plummer. Petitioner says nothing. Plummer requires that the defendant allege and prove, allege and prove, that the failure to raise the claim was due to one of the narrow exceptions, including he could not reasonably have raised it because here he didn't know. Let's assume he didn't know until December of 2004. Both Plummer and Quimby, as cited in the red brief, specifically concern dismissal of the petition for failure to allege that particular Plummer exception. So Petitioner doesn't do that here. State raises Plummer. In his trial memo, he never addressed Plummer. At the post-conviction hearing, he never addressed Plummer. He submits evidence to support the merits of his jury misconduct claim, but he never talks about Plummer. So there was a document that he filed, I think he called it a supplemental brief, in connection with his motion for a new trial, in which he gives the excuse, in which he says I didn't find out, da-da-da, was that paper in front of the PCR court either actually or constructively? I don't believe so. Because if it was, there was the argument. Potentially there was the argument if the post-conviction court considered that. Is it the same judge in this case that tried the case? Pardon me, Your Honor? Often the post-conviction court will be the same judge who tried the case. Is that true in this case? No, not in Oregon. That's rarely the case. In fact, I think that's never the case. Because the post-conviction judges that hear the case are in the county where the institution is located. So that's, you know, it can be, you know, usually in the county. Yeah, yeah, exactly. And is it technically a continuation of the prior proceedings or a brand-new proceeding? Brand-new proceeding. So the record of the prior proceedings isn't automatically included? Exactly, Your Honor. It depends upon the exhibits that the parties, and both parties can submit evidence exhibits. And I'm trying to remember exactly what the exhibit list was in post-conviction, and I don't remember the motion for new trial, but I can't say it wasn't. So go back to the PCR proceeding. Your argument in the PCR proceeding was to the judge, Mr. Lee hasn't done anything to show that he fits within one of the Palmer exceptions. Exactly. Exactly. And it explains the post-conviction court's ruling where it says trial court errors are not cognizable in post-conviction. That's more Palmer language, and I adopt defendants' arguments as my own. So in other words, that this particular claim was barred by Palmer, was completely unrebutted. But I take it your argument was then this was a failure of proof rather than a failure of the application of the law to whatever proof Mr. Lee put on. Well, I'm not sure. No, but what your opponent says is assume what he said was true, that he didn't learn until later, et cetera, et cetera. And she says the trial court, the PCR court said that's not good enough. What you're saying is that that wasn't the issue in front of the trial court. It wasn't. The judge certainly didn't raise it. He never argued that he reasonably couldn't have raised the claim and it wasn't barred by Palmer. But isn't that essentially what he must have been arguing? I mean, he knew he had to get rid of Palmer. He submitted these affidavits. Now, I disagree, Your Honor, because Palmer requires that he allege and prove that he reasonably couldn't have raised it. He's got to raise the issue. He simply has to raise the issue. So is he in a position that he didn't allege it or that he didn't prove it? I think it's both. But I think that's what I'm trying to figure out with the trial judge, the PCR judge held. The PCR judge held that he didn't allege it or that he didn't prove it. Under the third reading of Palmer, he didn't allege it. Okay, but now. Because he submitted the affidavit of the sister and her friend, his deposition where he talks about what happened with the jury. He submitted that evidence to support the merits of the claim, not to say I reasonably couldn't have raised it under Palmer. And did the trial court, in your view, find that he didn't prove about the claim? The trial court being the PCR trial court. You know, because the ruling is so ambiguous, I suppose, in that regard, I think the court necessarily could have found both. Because the state raised the argument, certainly. And so that would have given the trial judge reason to look at that evidence and say, well, it also doesn't meet Palmer's requirements. And what was the argument that was made by the state in the state PCR proceeding? That is to say, I take the point from your adversary that in her letter, the state PCR judge says I rule for the defendant and I adopt as my own the defendant's arguments, which I take it to mean the rationale for my decision is the same rationale as the argument is given. So what was the state's argument on the Palmer point? That the jury misconduct claim was barred because Petitioner reasonably couldn't could have raised it on direct appeal. Okay. So, yeah, I think a fair reading of that could be that the court rejected it on the proof issue as well as the allegation requirement under Palmer. And then on post-conviction appeal, nothing. So... Now, let me ask you a question. Could this issue, could you or could Mr. Lee have gone up to the Oregon Court of Appeals and said the trial judge bashed the Palmer application? Absolutely. Was he required to in order to preserve the issue for APS review? I think so. I think that's right. And that's what the district court ruled. And I think that's right. Let me ask, make sure we're answering the same question. For purposes of exhaustion, in order to bring something into federal court of appeal, does a state court, state procedural bar ruling have to be appealed? Not technically. How about not RES or no appeal even technically? I think that argument misconstrues federal Habeas Law. So what federal Habeas Law requires is that a petitioner raise the federal claim at every stage of review. So does he have to raise it to deal with Judge Fletcher's question slightly differently? Is it your position that Mr. Lee should have raised his juror misconduct claim on appeal from the PCR denial? He was absolutely required to under both Sullivan v. Parker. And if the court, and notwithstanding the PCR judge's conclusion that this claim was procedurally barred. Here's the catch. He, of course, was required to raise the actual federal claim to both the Oregon Court of Appeals and the Oregon Supreme Court. Had he not said to the court of appeals, trial, post-conviction trial court botched Palmer, then under cases like Yeltsin v. Mennemaker, you look back to the last reason decision, that imposed a procedural bar. So then we assume that the court of appeals necessarily also imposed a procedural bar in rejecting that jury misconduct claim. So while as a technical matter, he doesn't have to raise as a claim the state's procedural ruling,  and to avoid the imposition or the inference that the appellate court imposed that procedural bar as well as the trial court. So what you're saying is, if I can rephrase it, you're saying he should have raised the juror misconduct claim on appeal to the Oregon Court of Appeals. He was required to. If the Oregon Court of Appeals turned him down on procedural reasons and we looked back, said you can't raise it because it's barred, we would then look back, but because he didn't raise it at all. Exactly. Exactly. And had he done that, say he'd raised both the federal claim and made the argument that Palmer doesn't bar that federal claim, and the court of appeals then affirmed without opinion, the state's kind of stuck in that situation under this court's case law. We've got an opinion, and we don't know. We don't know whether the court reached the merits and accepted his argument that the Palmer bar was wrong or not. Let me ask the question a little bit differently. What you're saying is that there was no procedural bar to Mr. Lee appealing the denial of his juror misconduct claim to the court of appeals. Absolutely not. Absolutely not. They may have sustained the denial on procedural grounds, but there was no bar from him going to the next court and raising it. No, not at all. He could raise his claim, and had he not challenged the post-conviction court's procedural ruling, then we would argue in federal habeas it's still procedurally barred because we looked back. But if he had, we would say, hmm, maybe we don't know. Maybe we are in a Harrington situation in that case. We simply don't know in that circumstance. But under the doctrine of thorough presentation, he absolutely had to raise that claim on appeal. Okay. Ms. Hellman, do you have anything to say? Thank you. Thank you. Thank you. Let's put two minutes on the clock and see what happens. The clock seems to have had little bearing on what's happened so far this morning. I have two points to make in rebuttal. First, I respectfully disagree that he said nothing about Palmer in the state court. The trial court motion and the supplemental motion were exhibits in the state post-conviction court, and he also the motion for a new trial that Mr. Lee filed, as well as his supplemental motion that he filed, and when she explained the delay, those were exhibits in the post-conviction court. But they were before the PCR court. They were before the PCR court. Okay. So we have that evidence, as it is, that he says this. We have that evidence, yes. We also have his argument, and I see it. This is from the docket. Are they just attached as exhibits? They are attached as exhibits. Or are they derived as an explanation for an excuse from Palmer? They are attached as exhibits. They are not specifically referenced in terms of saying the word Palmer, but in his trial memorandum, which is filed in the district court docket in this case, and I can absolutely supplement the record after this argument, he argues on page 18 about that exception explaining the delay. He also explains the delay and gives his reasoning in his closing argument to the post-conviction court, and the state's response to that, found in Exhibit Record 203, is he filed a motion for a new trial. This issue could have been presented to the appellate courts, and I do not believe it was. I believe that it is barred under Palmer, and I've indicated that in my memorandum. So the evidence was there. Now, that causes me a question. That brings the following question to mind. If the evidence was there, Ms. Alexander's first point, then, has been rebutted as self-failure to a ledge, if we treat that as having made the point. But the second point, the failure to prove, then you're right in it, because there it was right in front of the state PCR court, and they nonetheless apply Palmer, which carries with it at least an implicit fact-finding that I don't believe you. Your Honor, I can see your point, and I respectfully disagree with that. I don't believe the manner in which it was litigated leads to that conclusion. If there are no further questions, thank you. Now, I'll say something about the argument. This has been a wonderful argument by both of you. This is a terribly difficult area. I just finished teaching an entire course on federal habeas. I think both of you should come down and help me teach the course the next time I do it. Justice Kennedy, without apparent irony, in his recent opinion in the McIntyre case, a procedural justice and personal jurisdiction case, referred to the genius of the federal system. Well, the system isn't much of a genius at all, but it takes a genius to understand it, and I compliment both of you. Thank you. Thank you. The case is submitted.
judges: Curiel, Fletcher, Hurwitz